IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARLENA KELLY, | ) | CASE NO. 8:14CV141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CITY OF OMAHA, NEBRASKA, GREG PETERSEN, KEVIN DENKER, JANE DOES, and JOHN DOES, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion to Dismiss (Filing No. 12), seeking dismissal of Plaintiff's Amended Complaint (Filing No. 11). In an earlier Memorandum and Order (Filing No. 10) this Court granted the Defendants' Motion to Dismiss the Plaintiff's original Complaint, and gave her leave to amend. The Court concludes that the Plaintiff has not cured the defects present in the original Complaint. The Defendant's pending Motion will be granted, and the Plaintiff's Amended Complaint will be dismissed.

**FACTS**

For purposes of the pending motion, the factual allegations in the Plaintiff's Amended Complaint (Filing No. 11) are accepted as true, though the Court need not accept her conclusions of law. The following is a summary of her factual allegations:

Plaintiff Arlena Kelly ("Kelly") is an African-American woman residing in Omaha, Nebraska. Kelly owns or has owned multiple rental properties. Defendant Greg Petersen ("Petersen") was a Code Inspector for the Defendant City of Omaha ("City"). Defendant

Kevin Denker is the Chief Code Inspector for the City. At times unspecified[1], Petersen offered to give Kelly favorable treatment with respect to certain property code violations in exchange for sexual favors, and threatened to cause Kelly to be subjected to fines or criminal proceedings if she did not submit to his advances. When Kelly refused Petersen's advances, he caused her to be subjected to criminal citations, leading to criminal penalties; and he contacted her bank, informing the bankers that she was in violation of housing codes. When Kelly sought certain permits for her properties, the City denied her permit applications, in retaliation for Kelly's complaints against Petersen.

Kelly's Amended Complaint asserts two causes of action against all Defendants: (1) a claim that the Defendants deprived her of unspecified rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as Article I, sections 3, 7, 13, and 21 of the Nebraska Constitution, giving rise to liability under 42 U.S.C. § 1983; and (2) a claim that the Defendants obstructed justice in violation of 42 U.S.C. § 1985(2) by intimidating Kelly or threatening her, thereby causing her not to challenge the Defendants' decisions regarding code enforcement.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

---

[1] The four-year statute of limitations set forth in Neb. Rev. Stat. § 25-207 applies to actions brought under 42 U.S.C. § 1983. See *Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904, 912-13 (D. Neb. 2004), citing *Bridgeman v. Nebraska State Pen.*, 849 F.2d 1076 (8th Cir. 1988).

of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010) (internal quotation marks omitted). "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual allegations must be "sufficient 'to raise a right to relief above the speculative level.'" *Williams v. Hobbs*, 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009)).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556

(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Kelly's Amended Complaint does not set forth "enough facts to state a claim to relief that is plausible on its face." *Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d at 630 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). She has not pled "factual content that allows the court to draw the reasonable inference that the [Defendants are] liable for the misconduct alleged." *Ritchie*, 630 F.3d at 716 (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). Instead, she has presented legal conclusions, which the Court is not required to accept.

### I.  42 U.S.C. § 1983

"Section 1983 provides a federal cause of action for plaintiffs to sue officials acting under color of state law for alleged deprivations of 'rights, privileges, or immunities secured

4

by the Constitution and the laws' of the United States." *Grey v. Wilburn*, 270 F.3d 607, 611 (8th Cir. 2001) (quoting 42 U.S.C. § 1983).

The Complaint leaves the Court to speculate about *what* right or rights arising under the United States Constitution or federal laws Kelly was denied by the Defendants' actions. She makes a general reference to "due process," but does not appear to contend she was innocent of the code violations for which she was penalized, nor that she was denied procedural due process in the prosecution of those violations. See *Heck v. Humphrey*, 512 U.S. 477, 485 (1994) (Section 1983 action is not an appropriate vehicle to challenge the lawfulness of a conviction). She also makes reference to her race, her sex, and her status as "a member of multiple protected classes." (Filing No. 1 at ¶ 8.) Yet, she does not allege that similarly situated persons who were not members of the "protected classes" were treated differently. She merely states that she is not aware of others who were treated in the same way.

Kelly's Amended Complaint also is devoid of any factual allegations regarding a municipal policy or custom underlying the conduct giving rise to the alleged injury—a necessary element for the City's liability under § 1983. *See Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)) ("A municipality can be liable under § 1983 only if a municipal policy or custom caused a plaintiff to be deprived of a federal right or if the municipality failed to adequately train its employees.").

Even if Kelly's Amended Complaint presents a state-law claim against Petersen for oppression under color of office, *see* Neb. Rev. Stat. § 28-926 (Reissue 2008), based on Petersen's alleged stalking and harassment, *see* Neb. Rev. Stat. § 28-311.03 (Reissue 2008), Kelly has not alleged a deprivation of any right, privilege, or immunity secured by the *United States Constitution* or the *laws of the United States*.

### III.  42 U.S.C. § 1985

Kelly contends that the Defendants conspired to deter her from consulting a lawyer, appealing decisions of the City's Building Board of Review, raising challenges to the Defendants' decisions regarding code enforcement, and attending or testifying at criminal proceedings brought against her. (Filing No. 11, ¶ 40.)  She alleges the Defendants conspired to injure and punish her by defeating the due course of justice, denying her equal protection of the laws and privileges and immunities of the laws, and depriving her of her rights and privileges as a citizen. (*Id*. at ¶¶ 41-45.)

Under 42 U.S.C. § 1985, persons who conspire to deprive other persons of their civil rights are liable for damages incurred by the injured party.  A conspiracy, by definition, requires action by more than one person.

> By its terms, [42 U.S.C. § 1985] requires a conspiracy, but "[t]his court has held that a corporation and its agents are a single person in the eyes of the law, and a corporation cannot conspire with itself" to violate 42 U.S.C. § 1985.  *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1156 (8th Cir.1983).  Under this intracorporate conspiracy doctrine, a local government entity cannot conspire with itself through its agents acting within the scope of their employment.  *Id*.; *Richmond v. Bd. of Regents of Univ. of Minn.*, 957 F.2d 595, 598 (8th Cir.1992)[.]

*L. L. Nelson Enters., Inc. v. Cnty. of St. Louis, Mo.*, 673 F.3d 799, 812 (8th Cir. 2012); *see also Sitzes v. City of W. Memphis, Ark.,* 606 F.3d 461, 465 (8th Cir. 2010) (quoting *Meyers v. Starke*, 420 F.3d 738, 742 (8th Cir. 2005) ("'[T]he intracorporate conspiracy

6

doctrine . . . allows corporate agents acting within the scope of their employment to be shielded from constituting a conspiracy under [42 U.S.C. § 1985]' and that the doctrine has been 'extended to . . . governmental entities.'").

Kelly's Amended Complaint added Denker, Jane Does, and John Does as Defendants, in an apparent attempt to cure the intracorporate conspiracy weakness in the original Complaint. Yet, Kelly's claim presented under 42 U.S.C. § 1985 still is replete with conclusory allegations and is not pled with sufficient specificity to raise her right to relief above a speculative level.

The Court cannot conclude that further amendment of the Amended Complaint would be futile, nor that Kelly lacks potential state-court actions against Petersen or others. Because the Amended Complaint did not cure the deficiencies in the original Complaint described by the Court in its earlier Memorandum and Order, however, the Court concludes that the Defendants should not bear the burden of responding to subsequent amended complaints in this action. Accordingly,

IT IS ORDERED:

1. The Defendants' Motion to Dismiss (Filing No. 12) is granted;

2. The Plaintiff's Amended Complaint (Filing No. 11) is dismissed, without prejudice; and

3. A separate Judgment will be entered.

DATED this 30th day of September, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge